# United States District Court
# Central District of California

| | |
|---|---|
| ALTA LOS ANGELES HOSPITALS, INC. dba LOS ANGELES COMMUNITY HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA dba ANTHEM BLUE CROSS; and DOES 1–25, inclusive,<br><br>Defendants. | Case No. 2:17-cv-03611-ODW(MRWx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [13] AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [10]** |

## I.  INTRODUCTION

Before the Court are Plaintiff Alta Los Angeles Hospitals, Inc. dba Los Angeles Community Hospital's Motion to Remand and Defendant Blue Cross of California dba Anthem Blue Cross's Motion to Dismiss. (ECF Nos. 10, 13.) For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES AS MOOT** Defendant's Motion to Dismiss.[1]

///

---

[1] After considering the papers filed in connection with both Motions, the Court deemed them appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Between April 2014 and December 2015, Plaintiff provided medical services to 23 people, each of whom were enrolled in "health benefits plan[s]" sponsored by Defendant. (Compl. ¶¶ 1, 7, 8, Ex. A, ECF No. 1-4.) Plaintiff billed Defendant a total of $575,177.69 for these services, based on Plaintiff's usual and customary rates for such services.[2] (*Id.* ¶ 9.) Defendant, however, refused to pay more than $279,363.47. (*Id.* ¶ 13.) Plaintiff subsequently filed this action against Defendant in the Los Angeles Superior Court, asserting two claims: (1) breach of an implied-in-fact contract; and (2) quantum meruit. (ECF No. 1-4.) As to the first claim, Plaintiff alleges that, "under the requirements of the [Emergency Medical Treatment and Labor Act ("EMTLA")] and through custom and practice, [Plaintiff] and [Defendant] impliedly agreed and understood that" Defendant would pay Plaintiff its "usual and customary rates for medically necessary services provided to" patients enrolled in Defendant's health benefit plans. (*Id.* ¶ 17.) Plaintiff further alleges that California Health and Safety Code section 1371.4(b) requires Defendant "to pay for emergency services and care provided to its enrollees," although Plaintiff does not say how this statute gives rise to a contractual obligation. (*Id.* ¶ 19.) As to the second claim, Plaintiff alleges that Defendant, "by its words and/or conduct, . . . requested that [Plaintiff] provide" health care services to those 23 patients, that the patients (and, by extension, Defendant) benefitted from such services, and that Defendant was therefore obligated to pay Plaintiff its "usual and customary rates" for those services. (*Id.* ¶¶ 24, 26, 27.)

Defendant removed the case to federal court, asserting complete preemption under the Employee Retirement Income Security Act ("ERISA") as the basis for

---

[2] Plaintiff alleges that, "[w]here appropriate," it contacted Defendant to confirm that Defendant was responsible for paying the medical costs for these patients, and that an agent of Defendant did so confirm. (Compl. ¶ 12.) Plaintiff does not allege, however, that the agent agreed to pay a specific rate for any medical services.

2

subject matter jurisdiction.³ (Not. of Removal ¶ 5, ECF No. 1.) Defendant then moved to dismiss Plaintiff's claims based on express preemption under ERISA. (ECF No. 10.) Plaintiff opposes Defendant's Motion to Dismiss and has also moved to remand the case to state court for lack of subject matter jurisdiction, arguing that complete preemption does not apply here. (ECF No. 13.) Both Motions are now before the Court for consideration.

### III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and by Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). A defendant may remove a case from state court to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

### IV. DISCUSSION

In its Motion to Dismiss, Defendant points out that almost all of the health benefit plans at issue are ERISA welfare plans. (Mot. at 1, ECF No. 10-1; Loftin

---

³ Defendant also alleged that supplemental jurisdiction exists for any claim not completely preempted by ERISA. (Not. of Removal ¶ 6.) However, because Defendant does not assert any basis for original jurisdiction other than complete preemption, such supplemental jurisdiction exists only if ERISA completely preempts at least one of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a).

Decl. ¶¶ 3–18, ECF No. 10-2.)[4] Further, Defendant argues that Plaintiff's claims "are based upon the terms of the ERISA Plans," and thus are preempted by ERISA. (Mot. at 5.) In its Opposition, which also serves as its Motion to Remand, Plaintiff contends that the legal obligations underlying its claims are wholly independent from those arising under the ERISA plans, and that Defendant's arguments to the contrary are simply speculation. (Opp'n at 6–11, ECF No. 13.) In response, Defendant submits evidence purporting to show that many of the 23 patients assigned their rights under the ERISA plans to Plaintiff, and argues that those assignments must form the basis of Plaintiff's claims because no other viable theory exists to recover the relief Plaintiff seeks. (Reply at 1–3, ECF No. 14; Loftin Decl. ¶¶ 3–19, ECF No. 14-1.) The Court agrees with Plaintiff that it is unclear whether complete preemption applies here, and thus removal was improper.

The complete preemption doctrine is a narrow exception to the rule that courts must determine the existence of federal question jurisdiction by looking at the plaintiff's claims rather than the defendant's defenses. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Complete preemption exists where "a federal statute wholly displaces the state-law cause of action." *Id.* (internal quotation marks omitted). Federal question jurisdiction exists in those instances because the plaintiff's claim, "even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 207–08 (internal quotation marks omitted). The Supreme Court has adopted a two-part test for determining whether ERISA completely preempts state law claims: "if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009) (quoting *Davila*, 542 U.S. at 210).

Plaintiff relies heavily on *Marin General Hospital* for the proposition that its

---

[4] Plaintiff objects to the evidence Defendant submitted in connection with its Motion to Dismiss. (ECF No. 13-1.) Given the Court's ultimate ruling on the pending Motions, however, the Court finds it unnecessary to rule on these objections.

4

claims are not completely preempted. In that case, a medical provider contacted the administrator of an ERISA plan to confirm that a prospective patient had health insurance through that plan. *Id.* at 943. The administrator "orally verified the patient's coverage, authorized treatment, and agreed to cover 90% of the patient's medical expenses at the Hospital." *Id.* The administrator ultimately paid only one-third of the patient's medical expenses, prompting the medical provider to sue the administrator for breaching their oral contract. *Id.* The Ninth Circuit held that ERISA did not completely preempt such a claim. *Id.* at 947–50. The court reasoned that the provider could not have brought the claim under ERISA because it was the oral contract, not the ERISA plan terms, that provided the basis for recovery. *Id.* at 947. The court also concluded that the oral contract was wholly independent of any obligations the administrator had under the ERISA plan. *Id.*

The Court agrees that *Marin General Hospital* controls the outcome here. Plaintiff asserts two state law claims: breach of an implied-in-fact contract and quantum meruit. Plaintiff alleges that the following gave rise to an implied-in-fact contract with Defendant to pay Plaintiff's usual and customary rates for medical services: (1) the EMTLA; (2) "custom and practice"; and (3) California Health and Safety Code section 1371.4(b). (Compl. ¶¶ 17, 19.) Similarly, Plaintiff alleges that its quantum meruit claim arises from Defendant requesting, "by words and/or conduct," that Plaintiff provide medical treatment to its enrollees. (*Id.* ¶ 24.) Defendant does not argue that any of these purported bases necessarily implicate an ERISA duty or obligation,[5] and it is not otherwise clear from Plaintiff's vague allegations that they do. Because there is substantial ambiguity on this issue, and because Defendant's right to removal turns on this issue, the case must be remanded to state court. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (any doubt concerning the existence of federal question jurisdiction must be resolved in favor of remand).

---

[5] While Defendant argues that Plaintiff is actually seeking to enforce the assignments it received, *see infra*, this is not the same as arguing that the bases expressly asserted by Plaintiff in fact turn on that assignment.

The Court is not persuaded by Defendant's argument that Plaintiff's state law claims actually seek to enforce the assignments it received from the patients. (Reply at 2–3.) Defendant concedes that Plaintiff's complaint does not mention any such assignments and, as mentioned above, does not argue that the bases Plaintiff asserts for its claims necessarily turn on those assignments. (*Id.*) Moreover, the mere fact that Plaintiff *could* have asserted a claim based on these assignments "d[oes] not automatically mean that [Plaintiff] could not bring some other suit against [Defendant] based on some other legal obligation." *Marin Gen. Hosp.*, 581 F.3d at 948; *see also Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1052 (9th Cir. 1999) ("[W]e find no basis to conclude that the mere fact of assignment converts the Providers' claims into claims to recover benefits under the terms of an ERISA plan."). Finally, the viability (or lack thereof) of Plaintiff's non-ERISA legal theories does not change the fact that those theories, as pleaded, do not implicate any duty under ERISA and thus do not give rise to jurisdiction under complete preemption. If Plaintiff wants to avoid complete preemption by asserting nonsensical state law theories, that is its prerogative. *Cf. The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987) ("[T]he plaintiff is the master of the complaint . . . and . . . may, by eschewing claims based on federal law, choose to have the cause heard in state court."). The Court's duty is simply to analyze the claims as pleaded. If and when the state court dismisses Plaintiff's current claims and Plaintiff is left with no choice except to assert a theory that does implicate an ERISA obligation, removal at that time may be proper.

/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 13) and **REMANDS** this case to the Los Angeles Superior Court, Case No. BC656418. The Court **DENIES AS MOOT** Defendant's Motion to Dismiss. (ECF No. 10.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

August 24, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**